FILED

FEB 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BHUPAT R. BHATTI, | No. 09-17408 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-00754-WBS-EFB |
| v. | |
| SELEENA ULAHANNAN, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Submitted February 17, 2011[**]
San Francisco, California

Before: TALLMAN and CALLAHAN, Circuit Judges, and CONLON, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Suzanne B. Conlon, United States District Judge for
the Northern District of Illinois, sitting by designation.

Appellant Bhupat R. Bhatti appeals the district court's exclusion of three pieces of evidence during an eleven-day jury trial. Bhatti brought the underlying civil action alleging that Sacramento County social worker Seleena Ulahannan violated Bhatti's First and Fourteenth Amendment rights to familial association under 42 U.S.C. § 1983 when she drove Bhatti's son from his home to a family shelter on August 29, 2003. The jury trial resulted in a verdict in favor of Ulahannan, finding the child was not removed under color of law, but simply to accommodate the mother's decision to leave the residence.

Evidentiary rulings are reviewed for abuse of discretion, *General Elec. Co. v. Joiner*, 522 U.S. 136, 141–42 (1997), and we do not reverse evidentiary rulings unless the rulings are "manifestly erroneous *and* prejudicial." *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002) (emphasis in original). As the parties are familiar with the facts, we repeat them here only as necessary to explain our decision. We consider each piece of evidence separately.

(1) Information related to Ulahannan's immigration: Bhatti argues that the facts surrounding Ulahannan's 1997 immigration should have been admitted to demonstrate that the social worker had committed immigration fraud. The district court excluded the evidence as overly prejudicial under Federal Rule of Evidence 403.

The district court is "not required to engage in a mechanical recitation of Rule 403's formula on the record as long as it appears from the record as a whole that the trial judge adequately weighed the probative value and prejudicial effect of proffered evidence before its admission." *Bowoto v. Chevron Corp.*, 621 F.3d 1116, 1131 (9th Cir. 2010) (internal citations and markings omitted). Citing Rule 403, the district court determined that "while an argument could be made that [information related to Ulahannan's immigration is] somehow relevant . . . that is pretty remote. And the major concern would be that the jury wouldn't consider it for that more remote purpose, but would consider it for the purpose of character evidence against Ms. Ulahannan." The court also noted that allowing the evidence would effectively require a mini-trial within a trial and likely confuse the jury. *See* Fed. R. Evid. 608(b). There is no manifest error in the district court's reasoning and no abuse of its discretion.

(2) The Sacramento County family court's June 2004 temporary order and factual findings: The district court determined the records were irrelevant and hearsay. Courts do not generally take notice of other courts' factual findings for the purpose of asserting them as truth. *Wyatt v. Terhune*, 315 F.3d 1108, 1114 n.5 (9th Cir. 2003). The district court correctly determined that factual findings made during Bhatti's divorce proceedings the following year were irrelevant to the

question whether Ulahannan's actions on August 29, 2003, violated his constitutional rights.  The decision to exclude this evidence was not manifestly erroneous and the district court did not abuse its discretion.

(3)  The DVD:  The DVD in question was filmed in 2004 by Bhatti's brother one year after the incident in question.  The district court did not abuse its discretion when it excluded the evidence because it lacked context and relevance and was too far removed from the events of August 29, 2003.

**AFFIRMED.**